IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01790-GPG

RONENA S. WALKER,

    Plaintiff,

v.

T. LUCAS, Officer,
HEATHEN, Officer,
DEPARTMENT OF CORRECTIONS, Denver Omens Correctional Facility,
MDOC MINNESOTA, Shopkeeper Omens Correctional Facility,

    Defendants.

## ORDER TO DISMISS

Plaintiff, Ronena S. Walker, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Walker has filed *pro se* an Amended Prisoner Complaint. (ECF No. 7). Ms. Walker asserts three claims for relief pursuant to 42 U.S.C. § 1983 contending that her constitutional rights have been violated. She seeks damages.

The Court must construe the Amended Prisoner Complaint liberally because Ms. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.*

1

Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 9). Therefore, the Court must dismiss the action if Plaintiff's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted). For the reasons stated below, the Court will dismiss the Amended Prisoner Complaint as legally frivolous.

I.   BACKGROUND

Ms. Walker's claims in the Prisoner Complaint stem from Defendants' alleged failure to protect her from two sexual assaults by a fellow inmate. Her Prisoner Complaint is not a model of clarity. According to Plaintiff, on January 16, 2015, a fellow inmate "shoved her thumb up the crack of [Plaintiff's] anus." Defendant Lucas, a Corrections Officer, witnessed the assault and told the other inmate to "keep your hands to yourself." Defendant Lucas did not file a report about the incident.

A week later, on January 23, 2015, the same inmate again "shoved her thumb up the crack of [Plaintiff's] anus." Corrections Officer "Thealen" (who, presumably is actually Defendant Heathen) witnessed this assault and did nothing. According to Plaintiff, if Defendant Lucas had filed a written report of the first incident, Plaintiff would not have been assaulted a second time. The other inmate and her friends have been calling Plaintiff names, including "punk b----," and "snitch." The verbal abuse was

witnessed by two other corrections officers. Plaintiff alleges she was forced to endure verbal abuse for two months before she was finally moved to a different unit.

Plaintiff alleges she is the survivor of previous sexual assaults and she suffers from PTSD, Bipolar, anxiety, nightmares, and other mental illnesses. She states that since the two "traumatic incidents" by the other inmate, she has started urinating the bed again and she's had numerous mental breakdowns. She is also seeking joint liability from MDOC (Shakopee Minnesota Women's Correctional Facility) because they sent her to the Denver Women's Correctional Facility under an interstate compact program.

Plaintiff states her claims are: (1) "sexual assault two counts, punitive damages;" (2) "failure to protect two counts, deliberate indifference, 8th amend.;" and (3) "mental anguish, pain and suffering, gross negligence." The Court will liberally construe the complaint as asserting two claims for failure to protect under the Eighth Amendment pursuant to 42 U.S.C. § 1983.

II.   Analysis

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed.

2d 662 (1986). In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (internal quotations and citations omitted). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

Plaintiff's claims invoke the protections of the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement.  As such, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  In addition, a prisoner is entitled to reasonable protection against assault by another inmate. *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990).  Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Id.* at 1494-95; *Farmer*, 511 U.S. at 834.

A claim of failure to protect under the Eighth Amendment has "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause.  To satisfy this component, the inmate must show that she was incarcerated under conditions posing a substantial risk of serious harm.

The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). Under this component, the inmate must establish that prison officials had a sufficiently culpable state of mind in allowing the deprivation to take place. *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)). To be liable for unsafe conditions of confinement the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference." *Farmer*, 511 U.S. at 837; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005). "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citations omitted).  "Mere negligence does not constitute deliberate indifference." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006); *see also Board of County Commissioners v. Brown*, 520 U.S. 397, 407-10, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (A higher standard is required than simple negligence or heightened negligence).  Thus, negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 835.  Both the objective and subjective components must be satisfied. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006).

In this case, Plaintiff has failed to allege sufficient facts to support the subjective component of her Eighth Amendment claim: that Defendants were deliberately indifferent to a substantial risk of serious harm to her.  Plaintiff alleges that after the first

5

assault, Defendant Lucas called the other inmate back into the hallway where she witnessed the assault and said something to the other inmate and then, the last words Plaintiff heard was "Now, keep your hands to yourself." (ECF No. 7 at 4).  Plaintiff contends that if Defendant Lucas had written a report about the incident, Plaintiff would not have been assaulted by the other inmate a second time.  As to Defendant Heathen, Plaintiff alleges that Defendant Heathen was in the control booth and witnessed the second assault and did nothing.  Plaintiff states that Defendant Heathen later stated she thought we "were horse playing, which clearly we was not." (*Id.* at 5).  Plaintiff further alleges that she was subject to name calling, taunting, and verbal abuse by the other inmate and her friends, which continued for two months until Plaintiff was finally moved to a different unit.

These allegations fail to support an inference that Defendants subjectively knew of a substantial risk to Ms. Walker from the other inmate and consciously disregarded such risk.  According to Plaintiff's own allegations, Defendant Lucas verbally reprimanded the other inmate after the first incident.  There was no indication that Defendant Lucas perceived a risk that the other inmate would again attempt to assault Plaintiff.  As to the second incident, Plaintiff alleges that Defendant Heathen did nothing.  However, the allegations also state that Defendant Heathen thought Plaintiff and the other inmate were "horse playing."  There are no allegations that Defendant Heathen actually did subjectively perceive a substantial risk to Plaintiff, which is required for an Eighth Amendment violation.  Further, verbal abuse and name calling, by themselves, do not rise to the level of a constitutional violation. *See Archuleta v. Adams County Bd. Of County Comm'rs*, 07-cv-2515-MSK-CBS, 2011 U.S. Dist. LEXIS 95835, *26-27 (D.

Colo. June 14, 2011) (citing *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1221-22 (S.D. Cal. 1997)).  Finally, Plaintiff acknowledges that she was transferred to a different a unit, presumably to alleviate any risk from the other inmate.  Based on these allegations, Plaintiff fails to satisfy the subjective component necessary to establish a constitutional violation for failure to protect.  Consequently, as amending her complaint would be futile, Plaintiff's claims against the Defendants will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 7) and the action are dismissed with prejudice as legally frivolous pursuant to 42 U.S.C. § 1997e(c)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of   November  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court